JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Clarence R. Davis | Dhimiter Doma, D'Arrigo Bros Co of New York Inc., et al |

| (b) County of Residence of First Listed Plaintiff    Philadelphia | County of Residence of First Listed Defendant   Bronx |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| I. Michael Luber, Esquire, LUBER LAW, 1420 Walnut Street, Ste 300, Philadelphia, PA 19102 | Jeffrey W. McDonnell, Esquire, PO Box 2903, Hartford, CT 06104 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | | PTF | DEF |
|---|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | PROPERTY RIGHTS | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | LABOR | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | SOCIAL SECURITY | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | FEDERAL TAX SUITS | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | IMMIGRATION | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☒ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
USC Sections 1332 and 1441

Brief description of cause:
Plaintiff is seeking to recover damages for injuries allegedly sustained as a result of a motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 08/04/2022 | /s/ Jeffrey W. McDonnell |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Clarence R. Davis, 243 W. Olney Ave., Philadelphia, PA 19120 _____

Address of Defendant: _____ Dhimiter Doma, 2884 Philip Ave #1R, Bronx, NY 10465 _____

Place of Accident, Incident or Transaction: _____ Pennsylvania Turnpike, Chester County, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☒ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/04/2022 _____    /s/ Jeffrey W. McDonnell _____    74353 _____
                              *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or pro se plaintiff*, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                            *Sign here if applicable*
                            *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLARENCE R. DAVIS | : |
| | : NO.: |
| v. | : |
| | : |
| DHIMITER DOMA; D'ARRIGO BROS CO OF | : |
| NEW YORK, INC. d/b/a D'ARRIGO DELIVERY | : |
| INC. and KAMAR M. GRUBB | : |

## PRAECIPE FOR TRANSFER

Kindly transfer this case from the Court of Common Pleas of Philadelphia

County at No.: 220700276 to the United States District Court for the Eastern

District of Pennsylvania.

WILLIAM J. FERREN & ASSOCIATES

By: /s/ *Jeffrey W. McDonnell*
    Jeffrey W. McDonnell, Esquire
    Attorney ID# 74353
    PO Box 2903
    Hartford, CT 06104
    (p) 267-675-3004
    Email: jwmcdonn@travelers.com
    Attorney for Defendants, Dhimiter Doma
    and D'Arrigo Bros Co of New York Inc.
    d/b/a D'Arrigo Delivery, Inc.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CLARENCE R. DAVIS                          :
                                           : NO.:
            v.                             :
                                           :
DHIMITER DOMA; D'ARRIGO BROS CO OF  :
NEW YORK, INC. d/b/a D'ARRIGO DELIVERY :
INC. and KAMAR M. GRUBB                     :

**NOTICE TO PLAINTIFF OF THE FILING OF A NOTICE OF REMOVAL
TO THE UNITED STATES DIRSTICT COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA**

TO: I. Michael Luber, Esquire
     LUBER LAW
     1420 Walnut Street, Ste 300
     Philadelphia, PA 19102

        Please take notice that Defendants, Dhimitger Doma and D'Arrigo Bros

Co of New York Inc. d/b/a D'Arrigo Delivery, Inc., by their attorney, Jeffrey W.

McDonnell, Esquire, has filed a Notice in the United States District Court for the

Eastern District of Pennsylvania for Removal of an action now pending in the

Court of Common Pleas of Philadelphia County, PA, Clarence R. Davis v.

Dhimiter Doma, et al, July Term, 2022 No.: 00276

                         WILLIAM J. FERREN & ASSOCIATES

                         By: /s/ *Jeffrey W. McDonnell*
                              Jeffrey W. McDonnell, Esquire
                              Attorney ID# 74353
                              PO Box 2903
                              Hartford, CT 06104
                              (p) 267-675-3004
                              Email: jwmcdonn@travelers.com
                              Attorney for Defendants, Dhimiter Doma
                              and D'Arrigo Bros Co of New York Inc.
                              d/b/a D'Arrigo Delivery, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CLARENCE R. DAVIS                                    :
                                                     : NO.:
          v.                                         :
                                                     :
DHIMITER DOMA; D'ARRIGO BROS CO OF   :
NEW YORK, INC. d/b/a D'ARRIGO DELIVERY :
INC. and KAMAR M. GRUBB                          :

## NOTICE OF REMOVAL OF DEFENDANTS, DHIMITER DOMA AND D'ARRIGO BROS CO OF NEW YORK INC., D/B/A D'ARRIGO DELIVERY, INC.

Pursuant to 28 U.S.C. Section 1441, Dhimiter Doma and D'Arrigo Bros Co

of New York, Inc., d/b/a D' Arrigo Delivery, Inc., defendants in the above

captioned matter, hereby file this Notice of Removal of this case from the

Philadelphia County Court of Common Pleas, where it is now pending, to the

United States District Court for the Eastern District of Pennsylvania and in

support thereof, avers as follows:

1.      This Court has jurisdiction over this matter under 28 U.S.C. §1332(a),

because there is complete diversity of citizenship between plaintiff and all

defendants and more than seventy-five thousand dollars ($75,000.00), exclusive

of interest and costs, is at stake.

2.      The Plaintiff filed his complaint in the Philadelphia County Court of

Common Pleas to recover damages for injuries he allegedly sustained in a motor

vehicle accident that occurred on November 13, 2021, on the Pennsylvania

Turnpike at or near Yellow Springs Road in Charleston Township, Chester

County, Pennsylvania.  A true and correct copy of the Plaintiff's complaint is

attached hereto, made part hereof and marked as Exhibit "A."

3.      The Plaintiff's complaint was filed on July 6, 2022, and was served upon

Defendant, D'Arrigo Bros Co of New York, Inc. d/b/a D'Arrigo Delivery, Inc. on

July 11, 2022.

4.      In the Complaint, Plaintiff asserts that the amount in controversy exceeds

$50,000.00.

5.      However, Plaintiff further alleges that as a result of the accident he

sustained "serious and painful personal injuries rendering him sick, sore and

disordered and more particularly he sustained a serious impairment of a bodily

function, including but not limited to broad based disc herniation compressing the

left L3 nerve root, acute post traumatic cervical sprain and strain, acute post

traumatic trapezius myositis, acute post traumatic bilateral rhomboid myositis,

acute post traumatic thoracic myositis, acute post traumatic lumbar myositis and

a severe shock to his nerves and nervous system, some or all of which injuries

may be permanent in nature." See Exhibit A, paragraph 7.

6.      Therefore, based on Plaintiff's allegations, it is reasonably believed that a

jury could award him damages in excess of $75,000.00. Thus, there is over

seventy-five thousand dollars ($75,000.00) in controversy and the jurisdictional

threshold under 28 U.S.C. § 1332(a) is satisfied.

7.      Plaintiff avers in the Complaint the that he resides at 243 W. Olney

Avenue, Philadelphia, Pennsylvania.

8.      Defendant, Dhimiter Doma, is a citizen and resident of the state of New

York, with an address of 2884 Phillip Avenue #R in Bronx, New York.

9.      Defendant, D'Arrigo Bros Co of New York, Inc. d/b/a D'Arrigo Delivery,

Inc. is a corporation organized and existing under the law of the state of

Delaware and maintains its principal business at NYC Terminal Market, Row C,

Unit 315, Bronx, New York.

10.     Co-Defendant, Kamar Grubb, is a citizen and resident of the state of New

Jersey, with an address of 142 W. 29th Street, Bayonne, NJ 07002.

11.     Since plaintiff is a citizen of the Commonwealth of Pennsylvania and each

defendant in the action is a citizen of a different state than plaintiff, there is

complete diversity of citizenship of the parties. See Midlantic Bank v. Hansen, 48

F.3d. 693, 696 (3d Cir. 1995).

12.     I have spoken with Brian Palm, counsel for Kamar Grubb, and he has

consented to the removal of this matter.

        WHEREFORE, Notice is given that this action is removed from the

Philadelphia County Court of Common Pleas to the United States District Court

for the Eastern District of Pennsylvania.


                        WILLIAM J. FERREN & ASSOCIATES

                        By: /s/ *Jeffrey W. McDonnell*
                            Jeffrey W. McDonnell, Esquire
                            Attorney ID# 74353
                            PO Box 2903
                            Hartford, CT 06104
                            (p) 267-675-3004
                            Email: jwmcdonn@travelers.com
                            Attorney for Defendants, Dhimiter Doma
                            and D'Arrigo Bros Co of New York Inc.
                            d/b/a D'Arrigo Delivery, Inc.

**CERITICATE OF SERVICE**

I, Jeffrey W. McDonnell, attorney for defendants, Dhimiter Doma and

D'Arrigo Bros Co of New York, Inc., d/b/a D' Arrigo Delivery, Inc., hereby certify

that I have served a true and correct copy of the foregoing Notice of Removal on

all counsel of record via electronic filing on the date indicated below.


WILLIAM J. FERREN & ASSOCIATES

By: /s/ *Jeffrey W. McDonnell*
    Jeffrey W. McDonnell, Esquire
    Attorney ID# 74353
    PO Box 2903
    Hartford, CT 06104
    (p) 267-675-3004
    Email: jwmcdonn@travelers.com
    Attorney for Defendants, Dhimiter Doma
    and D'Arrigo Bros Co of New York Inc.
    d/b/a D'Arrigo Delivery, Inc.

Dated: August 3, 2022

"Exhibit A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| | **JULY 2022** 000276 |
| | E-Filing Number: 2207007617 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CLARENCE DAVIS | DHIMITER DOMA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 243 W OLNEY AVENUE<br>PHILA PA 19120 | 2884 PHILIP AVENUE #1R<br>BRONX NY 10465 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | D'ARRIGO BROS CO OF NEW YORK INC, ALIAS:<br>D'ARRIGO DELIVERY INC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | NYC TERMINAL MARKET ROW C UNIT 315<br>BRONX NY 10474 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | KAMAR GRUBB |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 142 WEST 29TH STREET<br>BAYONNE NJ 07002 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 3 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2V – MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY** <br><br>JUL **06** 2022<br><br>**A. STAMATO** | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES     NO |
|---|---|---|

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>CLARENCE DAVIS</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| MICHAEL I. LUBER | 1420 WALNUT STREET<br>SUITE 300<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)496-1000 | (215)496-9025 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 2041 | imichaelluber@aol.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| MICHAEL LUBER | Wednesday, July 06, 2022, 01:01 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

I. MICHAEL LUBER, ESQUIRE
Attorney I.D. No. 02041
1420 Walnut Street, Suite 300
Philadelphia, PA   19102
(215) 496-1000

*Filed and Attested by the
Office of Judicial Records
06 JUL 2022 01:01 pm
A. STAMATO*

Attorney for Plaintiff

| | |
|---|---|
| Clarence R Davis<br>243 W Olney Avenue<br>Philadelphia, PA   19120 | : COURT OF COMMON PLEAS<br>: PHILADELPHIA  COUNTY<br>: |
| vs. | : |
| Dhimiter Doma<br>2884 Philip Avenue #1R<br>Bronx, NY   10465<br>and | :<br>:<br>:<br>: |
| D'Arrigo Bros Co of New York Inc. d/b/a<br>D'Arrigo Delivery Inc.<br>NYC Terminal Market, Row C, Unit 315<br>Bronx, NY   10474<br>and | :<br>:<br>:<br>:<br>: |
| Kamar M Grubb<br>142 West 29th Street<br>Bayonne, NJ  07002 | :<br>:<br>: |

## "NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA  COUNTY BAR ASSOCIATION
LAWYER  REFERRAL AND INFORMATION SERVICE
1101 MARKET STREET
PHILADELPHIA, PA   19107
(215) 238-6300

## "AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A AL OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

PHILADELPHIA  COUNTY BAR ASSOCIATION
LAWYER  REFERRAL AND INFORMATION SERVICE
1101 MARKET STREET
PHILADELPHIA, PA   19107
(215) 238-6300

I. MICHAEL LUBER, ESQUIRE
Attorney I.D. No. 02041
1420 Walnut Street, Suite 300
Philadelphia, PA  19102
(215) 496-1000                                    Attorney for Plaintiff

---

Clarence R Davis                          : COURT OF COMMON PLEAS
243 W Olney Avenue                        : PHILADELPHIA  COUNTY
Philadelphia, PA   19120                  :
     vs.                                :
Dhimiter Doma                             :
2884 Philip Avenue #1R                    :
Bronx, NY   10465                         :
     and                                :
D'Arrigo Bros Co of New York Inc. d/b/a   :
D'Arrigo Delivery Inc.                    :
NYC Terminal Market, Row C, Unit 315      :
Bronx, NY   10474                         :
     and                                :
Kamar M Grubb                             :
142 West 29th Street                      :
Bayonne, NJ   07002                       :

## CIVIL ACTION COUNT I
### Clarence Davis vs. Dhimiter Doma

1. The Plaintiff Clarence R Davis is an adult individual who resides at 243 W. Olney Avenue, Philadelphia, Pa.

2. The Defendant Dhimiter Doma is an adult individual who resides at 2884 Philip Avenue #1R, Bronx, New York. At all times material and relevant herein, the Defendant Dhimiter Doma was an agent, servant, workman and/or employee of the Defendant D'Arrigo Bros Co of New York Inc. d/b/a  D'Arrigo Delivery Inc. and as such was acting within the course and scope of his employment.

3. The defendant  D'Arrigo Bros Co of New York Inc. d/b/a  D'Arrigo Delivery Inc. is a corporate entity registered in the State of New York with a principal place of business located NYC Terminal Market, Row C, Unit 315, Bronx, New York. The said defendant regularly conducts business in the City and County of Philadelphia.  At all

times material and relevant hereto the said Defendant D'Arrigo Bros Co of New York Inc. d/b/a D'Arrigo Delivery Inc. the employer of the Defendant Dhimiter Doma.

4. The defendant Karma M Grubb is an adult individual who resides at 142 West 29th Street, Bayonne, New Jersey.

5. On or about November 13, 2021 at or about 11:30 a.m. the Plaintiff was lawfully operating his vehicle east on the Pennsylvania Turnpike at or near Yellow Springs Road, in Charlestown Township, Chester County, Commonwealth of Pennsylvania.

6. On the above date and time, the defendant Dhimiter Doma did operate a work truck owned and/or leased by the Defendant D'Arrigo Bros Co of New York Inc. d/b/a D'Arrigo Delivery Inc. east on the Pennsylvania Turnpike while in the course and scope of his employment for the said defendant, in such a careless and negligent manner that he suddenly without warning or notice and with great force and violence rear ended the plaintiff's car thereby causing the plaintiff to be tossed and thrown about thereby sustaining serious and painful permanent injuries.

7. As a result of the aforesaid occurrence the plaintiff was caused to sustain serious and painful personal injuries rendering him sick, sore and disordered and more particularly he sustained a serious impairment of a bodily function, including but not limited to broad based disc herniation compressing the left L3 nerve root, acute post traumatic cervical sprain and strain, acute post traumatic trapezius myositis, acute post traumatic bilateral rhomboid myositis, acute post traumatic thoracic myositis, acute post traumatic lumbar myositis and a severe shock to his nerves and nervous system, some or all of which injuries may be permanent in nature.

8. As a result of the aforesaid occurrence, the plaintiff has undergone and will undergo great pain and suffering, he has required and will require continued medical attention and treatment, and he has otherwise been injured and damaged; further, said Plaintiff has been and may in the future be disabled and prevented from following his

usual occupation and from performing his customary duties and he has suffered a loss and depreciation of his earning power and will continue to suffer such loss and depreciation for an indefinite period of time in the future, all to his great loss and detriment.

9.  As a further result of this occurrence, the plaintiff has been and may in the future be compelled to expend monies for medicine, medical care and treatment rendered necessary as a result of the injuries aforesaid, all to his great loss and detriment.

10.  The negligence of the Defendant Dhimiter Doma consisted of the following:

(a)  operating said work truck  in a negligent, careless and/or reckless manner without regard for the rights or safety of plaintiff or others;

(b)  failing to have said work truck under proper and adequate control;

(c)  failing to observe the position of the plaintiff and to take such action as was necessary to prevent striking the plaintiff's vehicle;

(d)  failing to yield to a vehicle that was lawfully in a traffic lane;

(e)  being inattentive to defendant's duties as an operator of a work truck;

(f) disregarding traffic lanes, patterns and other devices;

(g)  failing to keep an adequate distance from vehicles in the vicinity of the plaintiff;

(h)  failing to remain continually alert while operating said work truck;

(i)  failing to be highly vigilant and maintain sufficient control of said work truck and to bring it to a stop on the shortest possible notice;

(j)  operating a work truck at an excessive rate of speed under the circumstances;

(k)  failure to obey the rules of the road and ordinances of  Chester County and the statutes of the Commonwealth of Pennsylvania while operating the work vehicle on the highways and roadways of this Commonwealth;

(l)  operating a work truck without due regard for the right, safety and position of the plaintiff under the circumstances;

(m)  exhibiting a reckless and wanton disregard toward the rights and safety of the plaintiff and other passengers herein;

(n)  in failing to apply the brakes in time to avoid the collision;

(o)  in failing to exercise the high degree of care required of a motorist while driving;

(p)  in failing to keep a reasonable look-out for other vehicles lawfully on the road;

(q)  in failing to yield the right-of-way to traffic already upon the highway;

(r )  in failing to observe traffic directly in front of him;

(s)  in failing to keep a proper lookout for approaching vehicles;

(t)  in violating *75 Pa.C.S. Section 3361* - driving at a safe speed;

(u)  in violating *75 Pa.C.S. Section 3714* - careless driving;

(v)  in violating *75 Pa.C.S. Section 3736* - reckless driving;

(w)  negligence at law.

WHEREFORE, Plaintiff demands judgment against the Defendant Dhimiter Doma in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

## COUNT II – NEGLIGENT ENTRUSTMENT

Clarence Davis vs. D'Arrigo Bros Co of New York Inc. d/b/a D'Arrigo Delivery Inc.

11.  Plaintiff incorporates paragraphs 1 through 10 as though same were more fully set forth herein at length.

12.  On or about November 13, 2021 at or about 11:30 a.m. the Plaintiff was lawfully operating his vehicle east on the Pennsylvania Turnpike at or near Yellow

Springs Road, in Charlestown Township, Chester County, Commonwealth of Pennsylvania.

13. On the above date and time, the defendant Dhimiter Doma did operate a work truck owned and/or leased by the Defendant D'Arrigo Bros Co of New York Inc. d/b/a D'Arrigo Delivery Inc. east on the Pennsylvania Turnpike while in the course and scope of his employment for the said defendant, in such a careless and negligent manner that he suddenly without warning or notice and with great force and violence rear ended the plaintiff's car thereby causing the plaintiff to be tossed and thrown about thereby sustaining serious and painful permanent injuries.

14. As a result of the aforesaid occurrence the plaintiff was caused to sustain serious and painful personal injuries rendering him sick, sore and disordered and more particularly he sustained a serious impairment of a bodily function, including but not limited to broad based disc herniation compressing the left L3 nerve root, acute post traumatic cervical sprain and strain, acute post traumatic trapezius myositis, acute post traumatic bilateral rhomboid myositis, acute post traumatic thoracic myositis, acute post traumatic lumbar myositis and a severe shock to his nerves and nervous system, some or all of which injuries may be permanent in nature.

15. As a result of the aforesaid occurrence, the plaintiff has undergone and will undergo great pain and suffering, he has required and will require continued medical attention and treatment, and he has otherwise been injured and damaged; further, said Plaintiff has been and may in the future be disabled and prevented from following his usual occupation and from performing his customary duties and he has suffered a loss and depreciation of his earning power and will continue to suffer such loss and depreciation for an indefinite period of time in the future, all to his great loss and detriment.

16.   As a further result of this occurrence, the plaintiff has been and may in the future be compelled to expend monies for medicine, medical care and treatment rendered necessary as a result of the injuries aforesaid, all to his great loss and detriment

17.   The negligence of the defendant  D'Arrigo Bros Co of New York Inc. d/b/a D'Arrigo Delivery Inc. consisted of the following:

> (a)  failing to properly train their agents, servants and/or employees;
>
> (b)  failing to ensure that their agents, servants and/or employees were knowledgeable in the operation of work vehicles;
>
> (c)  failing to properly supervise their agents, servants and/or employees;

WHEREFORE, plaintiff demands judgment against the defendant D'Arrigo Bros Co of New York Inc. d/b/a  D'Arrigo Delivery Inc. in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

## COUNT III

### Clarence Davis vs. Kamar Grubb

18.   Plaintiff incorporates paragraphs 1 through 17 as though same were more fully set forth herein at length.

19.   On or about November 13, 2021 at or about 11:30 a.m. the Plaintiff was lawfully operating his vehicle east on the Pennsylvania Turnpike at or near Yellow Springs Road, in Charlestown Township, Chester County, Commonwealth of Pennsylvania.

20.   On the above date and time, the defendant Kamar Grubb did operate his vehicle at an excessive rate of speed and illegally on the berm/shoulder of the Pennsylvania Turnpike at or near Yellow Springs Road and in such a reckless, careless and negligent manner that he suddenly without warning or notice sped past the plaintiff's car and merged into plaintiff's lane thereby causing the plaintiff to react to the sudden emergency by changing lanes at which time plaintiff was rear ended by co-defendant

thereby causing the plaintiff to be tossed and thrown about thereby sustaining serious and painful permanent injuries.

21.  As a result of the aforesaid occurrence the plaintiff was caused to sustain serious and painful personal injuries rendering him sick, sore and disordered and more particularly he sustained a serious impairment of a bodily function, including but not limited to broad based disc herniation compressing the left L3 nerve root, acute post traumatic cervical sprain and strain, acute post traumatic trapezius myositis, acute post traumatic bilateral rhomboid myositis, acute post traumatic thoracic myositis, acute post traumatic lumbar myositis and a severe shock to his nerves and nervous system, some or all of which  injuries may be permanent in nature.

22.  As a result of the aforesaid occurrence, the plaintiff has undergone and will undergo great pain and suffering, he has required and will require continued medical attention and treatment, and he has otherwise been injured and damaged; further, said Plaintiff has been and may in the future be disabled and prevented from following his usual occupation and from performing his customary duties and he has suffered a loss and depreciation of his earning power and will continue to suffer such loss and depreciation for an indefinite period of time in the future, all to his great loss and detriment.

23.  As a further result of this occurrence, the plaintiff has been and may in the future be compelled to expend monies for medicine, medical care and treatment rendered necessary as a result of the injuries aforesaid, all to his great loss and detriment.

24.  The negligence of the Defendant Kamar Grubb consisted of the following:

      (a)  operating his vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of plaintiff or others;

      (b)  failing to have said vehicle under proper and adequate control;

      (c)  failing to keep a proper look out;

      (d)  failing to yield to a vehicle that was lawfully in a traffic lane;

(e) being inattentive to defendant's duties as an operator of a car;

(f) disregarding traffic lanes, patterns and other devices;

(g) failing to keep an adequate distance from vehicles in the vicinity of the plaintiff;

(h) failing to remain continually alert while operating his car;

(i) driving recklessly and with willful and wanton disregard for the safety of persons such as plaintiff in violation of 75 Pa C.S.A. Section 3736;

(j) operating his vehicle so recklessly that he placed plaintiff in danger of death and serious bodily injury in violation of 18 Pa C.S.A. Section 2705;

(k) failure to obey the rules of the road and the statutes of the Commonwealth of Pennsylvania and the ordinances of Chester County while operating on the highways and roadways under the circumstances;

(l) operating his car without due regard for the right, safety and position of the plaintiff under the circumstances;

(m) exhibiting a reckless and wanton disregard toward the rights and safety of the plaintiff and other passengers herein;

(n) illegally driving on the shoulder/berm of the Turnpike;

(o) failure to drive within a single lane in violation of 75 Pa. C.S.A. Section 3309(1);

(p) in failing to exercise the high degree of care required of a motorist while driving;

(q) in failing to keep a reasonable look-out for other vehicles lawfully on the road;

(®) in failing to yield the right-of-way to traffic already upon the highway;

(s) in failing to observe traffic directly in front of him;

(t) in failing to keep a proper lookout for approaching vehicles;

(u) in violating *75 Pa.C.S. Section 3361* - driving at a safe speed;

(v) in violating *75 Pa.C.S. Section 3714* - careless driving;

(w) in violating *75 Pa.C.S. Section 3736* - reckless driving;

(x) negligence at law.

WHEREFORE, Plaintiff demands judgment against the Defendant Kamar Grubb in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

BY:_____/s/_____
I. MICHAEL LUBER, ESQUIRE
Attorney for Plaintiff

VERIFICATION

I, I. Michael Luber, verifies that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____/s/_____

I. MICHAEL LUBER